# In the United States Court of Federal Claims

No. 13-161C
(Filed March 24, 2014)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
ROY SMITH, on his own behalf    *
and for others similarly situated, *
                                *
             Plaintiff,         *
                                *
      v.                        *
                                *
THE UNITED STATES,              *
                                *
             Defendant.         *
                                *
* * * * * * * * * * * * * * * * *
```

## ORDER

Before the Court is defendant's motion to transfer pursuant to Rule 12(b)(1) of the United States Court of Federal Claims. The government argues that our court lacks jurisdiction over Fair Labor Standards Act (FLSA) claims such as the one brought by the plaintiff, under its reading of the Supreme Court's decision in *United States v. Bormes*, 133 S. Ct. 12, 18 (2012). The undersigned has rejected this argument in an unrelated matter, *see Farzam v. United States*, 13-075C, 2013 WL 5819273 (Fed. Cl. Oct. 29, 2013), and the Federal Circuit last week found that this Court's interpretation of *Bormes* was the correct one, *see Abbey v. United States*, No. 2013-5009, slip op. at 10–17 (Fed. Cir. March 21, 2014). As the decisions of the Federal Circuit are binding on this court, *see Crowley v. United States*, 398 F.3d 1329, 1335 (Fed. Cir. 2005), the government's motion to transfer is **DENIED**.

The stay of proceedings in this case pending the resolution of the motion to transfer is now **LIFTED**. The government shall file its response to the plaintiff's motion for conditional class certification on or by **Monday, April 7, 2014**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge